**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5110

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAILE JEAN, a/k/a Shorty Black, a/k/a Desire
Jean Sallier, a/k/a Blackie, a/k/a Jean Saile,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort. Sol Blatt, Jr., Senior District
Judge. (9:01-cr-01117-SB-1)

Submitted: July 13, 2007          Decided: July 26, 2007

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Peter D. DeLuca, Jr., DELUCA AND MAUCHER, L.L.P., Goose Creek,
South Carolina, for Appellant. Robert Hayden Bickerton, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saile Jean appeals his sentence following remand of 360 months of imprisonment and five years of supervised release for conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (2000) and 21 U.S.C. § 846 (2000); possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (2000); and making false statements to a federal agent, in violation of 18 U.S.C. § 1001(a)(2) (2000).[1] Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court erred in adopting the facts set forth in the presentence investigation report ("PSR") and in sentencing Jean based on facts not found by the jury beyond a reasonable doubt.[2] Jean has filed a supplemental pro se brief essentially raising the same claim and specifically challenging the district court's determination of the amount of drugs attributable to him and the three-level enhancement of his sentence under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(b) (2002), for his

---

[1]We previously affirmed Jean's conviction, but vacated his sentence and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005).

[2]The district court originally sentenced Jean under the then-mandatory federal sentencing guidelines to the same sentence later imposed on remand.

- 2 -

role in the offense as a supervisor or manager based on judicially determined facts found by a preponderance of the evidence and not found by the jury, claiming that these findings violate his constitutional rights.[3]  We affirm.

Contrary to Jean's assertion regarding the district court's determination of the amount of drugs attributable to him and its enhancement of his sentence, Booker did "not in the end move any decision from judge to jury, or change the burden of persuasion."  United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).  In sentencing defendants after Booker, district courts continue to make findings necessary for enhancement, applying a preponderance of the evidence standard, while taking into account that the resulting Guidelines range is advisory only.  Id.  The sentencing court is authorized to make factual findings in order to determine appropriately the defendant's advisory range under the guidelines.  See United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).

The issue of whether the district court correctly calculated the quantity of drugs attributable to Jean for sentencing purposes is easily disposed of pursuant to the standard principles of derivative liability.  A conspirator may be held accountable for all quantities of drugs attributable to the

---

[3]Jean failed to object below to the facts contained in the PSR, thus rendering this court's review of his sentence for plain error.  United States v. Olano, 507 U.S. 725 (1993).

- 3 -

conspiracy so long as it was reasonably foreseeable that the drugs were possessed within the scope of the conspiratorial agreement. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). The PSR recommended a drug quantity of 3.746 kilograms of cocaine base ("crack") and 53.493 kilograms of cocaine attributable to Jean, far in excess of the 1.5 kilograms of cocaine base required for a base offense level of thirty-eight under USSG § 2D1.1(c)(1). The PSR specified a quantity of 1984.5 grams of crack based on evidence from Jaimie Green, one of the members of the drug conspiracy that included Jean, and this amount alone is sufficient to support a base offense level of thirty-eight. Specifically, the PSR reflects that Green reported to Task Force Agents that he witnessed Lewis Chisolm obtain five or six ounces of crack from Jean on six or seven occasions (at least 850.5 grams), that he personally obtained ten ounces of crack from Jean directly (283.5 grams), and that he had observed Jean in possession of thirty or more ounces of crack at one time (850.5 grams).[4]  The trial evidence of the necessary drug quantity sufficient to support a base offense level of thirty-eight came from a myriad of witnesses, was overwhelming, essentially uncontroverted, exceeded even the estimates used in the PSR to determine Jean's base level, and put Jean far in excess of the 1.5 kilograms of cocaine base necessary

_____

[4]At trial, Green actually testified to amounts of crack attributable to Jean that exceeded even these amounts.

to trigger the application of a base offense level of thirty-eight. Thus, we find no basis to conclude that the district court plainly erred in sentencing Jean on a base offense level of thirty-eight, as reflected in the PSR.

With regard to Jean's challenge to the three-level enhancement recommended by the PSR and adopted by the district court for a leadership role in a conspiracy pursuant to USSG § 3B1.1(b), Jean has not offered any evidence to the contrary or specifically explained why the PSR was inaccurate or unreliable. His mere challenge, particularly on appeal for the first time, is, without more, insufficient to put the PSR's findings into dispute. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990); cf. Gilliam, 987 F.2d at 1013 ("[T]he Government carries its burden if a defendant fails to properly object to a recommended finding in a presentence report that the court determines to be reliable."). Because Jean failed to make the required affirmative showing that the PSR was inaccurate or unreliable, the district court was "free to adopt the findings of the [PSR] without more specific inquiry or explanation." Terry, 916 F.2d at 162 (internal quotation marks omitted). We affirm the imposition of a three-level leadership role enhancement to Jean's offense level.

After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court

then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence that is "sufficient but not greater than necessary," to achieve the goals of § 3553(a). Davenport, 445 F.3d at 370. We will affirm a post-Booker sentence if it "is within the statutorily prescribed range and reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). We have repeatedly held that "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see also United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, ---- S. Ct. ----, 75 U.S.L.W. 3707 (U.S. June 29, 2007) (No. 06-5439); United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Neither Jean nor the record suggest any information so compelling as to rebut the presumption that his sentence within a properly calculated guideline is reasonable. We find no error in the calculation of the advisory guideline range,[5] and Jean failed to provide evidence

---

[5]At resentencing, the district court specifically referred to Booker, to the advisory nature of the guidelines, and to the § 3553(a) factors, stating that it specifically considered those factors. It adopted the findings in the presentence report, and in addition to the § 3553(a) factors, the court considered the guidelines range and other relevant guideline factors. The court was familiar with Jean's history and background, having presided over his trial. Also, the court had sentenced Jean originally and was familiar with the details of his case from the initial

to overcome the presumption of reasonableness we accord such a sentence.  The district court appropriately treated the guidelines as advisory, and properly sentenced Jean within that range.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Jean's sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

sentencing hearing. Jean's presentence report outlined his offense conduct and his criminal history.  Finally, both Jean and his attorney took the opportunity to argue about the length of his sentence and application of the § 3553(a) factors during resentencing prior to the district court's imposition of sentence.